UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
EMANUEL KARROPOULOS,

                Plaintiff,

-against-

SOUP DU JOUR, LTD., d/b/a BISTRO 44
and PAUL J. GALLOWITSCH,

                Defendants.
-----------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2013 ★
LONG ISLAND OFFICE

Civil Action No.

COMPLAINT

CV 13 4545

SUMMONS ISSUED

SPATT, J.
BROWN, M.J.

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff Emanuel Karropoulos ("Karropoulos") is a resident of East Northport, New York. He was employed as a chef by the Defendants from on or about January 2010 until on or about May 2013.

6. The Defendant, Soup Du Jour, Ltd. d/b/a Bistro 44 ("Bistro 44") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. At all relevant times, Bistro 44 has been an employer under the FLSA and New York Labor Articles.

8. The Defendant, Paul J. Gallowitsch ("Gallowitsch") is an individual residing in the State of New York.

9. The Defendant, Gallowitsch is an officer, director, and/or managing agent of the corporate defendant who participated in the day-to-day operations of Bistro 44. Upon information and belief, at all times relevant, Gallowitsch exercised operational control over the corporate defendant, controlled significant business functions of the corporate defendant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the corporate defendant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees of Bistro 44. As such, at all relevant times, Gallowitsch has been an employer under the FLSA and the NYLL. Gallowitsch is jointly and severally liable with Bistro 44.

## FACTS

10. Plaintiff's primary job duties were to act as a chef for the defendants.

11. Plaintiff regularly worked between fifty-five (55) and seventy (70) hours per week during his employment.

12. From March 2010 until November 2012, the Plaintiff worked six (6) days a week and between sixty-five (65) and seventy (70) hours per week.

13. From November 2012 until May 2013, the Plaintiff worked between fifty-five (55) and sixty-five (65) hours per week.

14. Plaintiff was paid partly in check and partly in cash.

15. Plaintiff was paid a set salary each week, no matter how many hours he worked.

16. Throughout his employment with the defendants, the plaintiff was never paid overtime compensation.

17. Plaintiff's primary duties never consisted of performing office or managerial work directly related to Defendants' management policies or general business operations or those of their customers. Nor did his primary duties include work requiring the exercise of discretion or independent judgment with respect to matters of significance.

18. Plaintiff never regularly supervised or directed the work of two or more full-time employees or their equivalent. Plaintiff never had any responsibility for managing any department or subdivision of Defendants' business. And, Plaintiff's duties never required knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

19. Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

20. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled to for this work time under the law.

21. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

22. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

23. At all times relevant to this Complaint, Defendants have "employed" Plaintiff suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

24. At all times relevant to this Complaint, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

25. Upon information and belief, the gross annual volume of sales made or business done by the corporate defendant during the years 2010, 2011, and 2012 was not less than $500,000.00 each year.

26. Defendants' failures to pay overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

27. Defendants' failures to provide required compensation for all hours worked by Plaintiff are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

28. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

29. As a result of Defendants' violations of the FSLA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### NYLL Overtime Claim

30. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

31. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

32. At all times relevant to this Complaint, Defendants employed Plaintiff suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

33. Defendants failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

34. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

35. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

(A) Determine the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. §207, and award those damages against Defendants and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

(B) Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendants and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

(C) Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees.

(D) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
August 5, 2013

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>karropoulos v. Bistro 44 et al.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
July 18, 2013

_____
Emanuel Karropoulos